UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN LONDON,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-0583-CVE-MTS |
| | ) |
| METRO PCS/T MOBILE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are plaintiff's pro se complaint (Dkt. # 2) and motion for leave to proceed in forma pauperis (Dkt. # 3). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

On December 4, 2024, plaintiff filed a complaint using a pre-printed pro se complaint form (ProSe-05) alleging claims under 42 U.S.C. § 1983 for violations of: 18 U.S.C. § 242; 31 U.S.C. §

---

[1] While plaintiff is proceeding pro se, plaintiff describes himself as "of the family (;) London Kevin." Dkt. # 2, at 1. As the Court previously explained to plaintiff, "a pro se litigant cannot bring an action on behalf of other litigants in federal court." London v. Jordan, No. 24-CV-0474-CVE-SH (N.D. Okla. Oct. 15, 2024), Dkt. # 4, at 3 (citing 28 U.S.C. § 1654 and Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)). Thus, the Court construes plaintiff's complaint as raising claims only on plaintiff's behalf.

3123; 18 U.S.C. § 1028; 18 U.S.C. § 241; the Thirteenth Amendment; and 18 U.S.C. § 371. Dkt. # 2. at 4.  Plaintiff alleges that defendant, a phone company, acted under color of law "by discrimination also fraud and deception[.]"  Id. at 2, 4.  Plaintiff claims that, beginning on "September 26, 2024[,] I as the living man an [sic] US national also indigenous had constantly demanded T mobile to set off the bal and T mobile refused[.]"  Id. at 5.  Additionally, plaintiff alleges that:

> Metro PCS - T mobile are committing fraud depriving living man of the vessle [sic] name from my liberty and exercise of my freedom and constitutional rights, also my happiness by law I'm not supposed to be paying anything I'm indigenous to this land, all corporations owes me everything because all business falls on Indian territory the 13th amendment demolished slavery and metro PCS - t mobile are treating me like a slave when all corporation's owes us Indians for been own our land.

Id.  Plaintiff alleges that he sustained "emotional distress from all corporations fighting with them about my land."  Id. at 6.  He claims that "it makes it hard for we the people been [sic] in our private conveyance while exercising our constitutional rights which was supposed to be guaranteed under the law and constitution[.]"  Id.  Plaintiff seeks relief in the form of "[$]100 million with interest" and "30 years to life[] for depriving of my right constitutional, also for [i]dentity theft because I never came from Africa and all corporations have that name KEVIN LONDON under [t]hat fraudulent name to try to keep the living man Indigenous national under slavery . . . ."  Id.[2]

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable.  See Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that

---

[2]  Plaintiff also attached to his complaint correspondence that appears to be with defendant or individuals associated with defendant, plaintiff's passport, and his passport card.  Id. at 8-15.  In analyzing plaintiff's claims, the Court relies only on plaintiff's complaint.

"the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiff attempts to allege various § 1983 claims against defendant.[3] Dkt. # 2, at 4. Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance,

---

[3] Plaintiff attempts to bring § 1983 claims against defendant in its official capacity. Id. at 2. Because defendant is a non-governmental company, plaintiff cannot sue it in its "official capacity." Thus, the Court construes plaintiff's complaint as alleging claims directly against defendant.

regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law" of the United States. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . . .'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). A court may determine whether a private defendant acts under color of law for § 1983 purposes by applying "the 'nexus test,' the 'public function test,' the 'joint action test,' and the 'symbiotic relationship test.'" Wittner v. Banner Health, 720 F.3d 770, 775 (10th Cir. 2013) (quoting Johnson v. Rodrigues, 293 F.3d 1196, 1202 (10th Cir. 2002)). "At the heart of each test is 'whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., 956 F.3d 1228, 1235 (10th Cir. 2020) (quoting Wasatch Equal. v. Alta Ski Lifts Co., 820 F.3d 381, 387 (10th Cir. 2016)).

Plaintiff brings his § 1983 claims against defendant, a phone company. Dkt. # 2, at 2. Yet, plaintiff makes no allegations from which the Court could infer that defendant's conduct is fairly attributable to any state or municipality. Id. at 4-6. Thus, as plaintiff fails to allege any facts indicating that defendant acted under color of law, the Court finds that plaintiff fails to state any claims under § 1983, and the Court need not analyze whether plaintiff sufficiently pleads the other § 1983 elements. Therefore, the Court should dismiss plaintiff's complaint without prejudice.

The Court now turns to plaintiff's filing history in this district and again cautions plaintiff that filing restrictions may be placed on him. "'The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action

that is frivolous or malicious.'" Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994) (quoting Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989)).  Courts have the inherent power to regulate and curtail vexatious and groundless litigation by "imposing carefully tailored restrictions under the appropriate circumstances." Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986).  While filing restrictions may not deny a litigant "meaningful access to the courts," the restrictions may nevertheless be as onerous as necessary "to assist the district court in curbing the particular abusive behavior involved." Id.

Within a two month period, plaintiff filed eight complaints in this district:

1. London v. Jordan (Jordan I), 4:24-CV-0474-CVE-SH (N.D. Okla. filed Oct. 9, 2024)

2. London v. PSO, 4:24-CV-0513-JFH-SH (N.D. Okla. filed Oct. 25, 2024)

3. London v. Jordan (Jordan II), 4:24-CV-0522-JDR-MTS (N.D. Okla. filed Oct. 29, 2024)[4]

4. London v. Soc. Sec. Admin., 4:24-CV-0533-GKF-MTS (N.D. Okla. filed Nov. 4, 2024)

5. London v. Garrison, 4:24-CV-0578-CVE-JFJ (N.D. Okla. filed Dec. 2, 2024)

6. London v. Metro PCS/T Mobile, 4:24-CV-0583-CVE-MTS (N.D. Okla. filed Dec. 4, 2024)

7. London v. Muscogee Creek Nation Lighthorse Police, 4:24-CV-0592-SEH-JFJ (N.D. Okla. filed Dec. 5, 2024)

8. London v. OGE Elec. Co., 4:24-CV-0594-JDR-JFJ (N.D. Okla. filed Dec. 5, 2024)

On October 15, 2024, the Court dismissed plaintiff's complaint in Jordan I, 4:24-CV-0474, Dkt. # 4, for lack of subject matter jurisdiction. On December 13, 2024, Magistrate Judge Susan E.

---

[4] While plaintiff's legal theories in Jordan II, 4:24-CV-0522, Dkt. # 2, differ from those in Jordan I, 4:24-CV-0474, Dkt. # 1, plaintiff sues the same defendants, seeks generally the same relief, and bases his claims in both cases on his status as an alleged eligible tribal member of the Muscogee Creek Nation.

Huntsman recommended that Judge John F. Heil, III, dismiss plaintiff's complaint in <u>PSO</u>, 4:24-CV-0513, Dkt. # 9, for failure to state a claim. On December 19, 2024, the Court dismissed plaintiff's complaint in <u>Garrison</u>, 4:24-CV-0578, Dkt. # 6, under <u>Younger</u> abstention as to plaintiff's claims for injunctive relief and under § 1915(e)(2) as to plaintiff's claims for monetary relief. In this order, the Court dismisses plaintiff's complaint for failure to state a claim pursuant to § 1915(e)(2). Further, the Court has reviewed plaintiff's remaining complaints, and they generally appear to lack merit. Therefore, the Court warns plaintiff that the Court may place filing restrictions on him if the Court finds that plaintiff continuously files frivolous complaints.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Dkt. # 3) is **granted**.

**DATED** this 20th day of December, 2024.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE